H. O. WILLIAMS, Appellee, v. J. H. HERMAN, Appellant.

No. 41761.

JUNE 20, 1933.

Mahoney & Mackey, for appellant.

M. C. Williams, for appellee.

Claussen, J.—Appellee's demand for relief is based upon the thought that the sale of the stock on October 28, 1927, was not made in good faith; that at the time of the settlement of the suit the relations beween the parties imposed a duty on appellant to reveal the terms of the sale to Behling on March 6, 1928, and that the stipulation of settlement was tainted by fraud on account of appellant's failure to disclose the sale to Behling.

I. The first question requiring attention is whether the sale of the stock on October 28, 1927, to Paul Herman was fairly and validly made. On the 12th day of October, 1927, appellant notified appellee that, unless the note was paid within ten days, the stock would be sold at private sale without further notice. Appellee did nothing. Upon the expiration of the ten-day period, appellant seriously endeavored to find a purchaser for the stock. He conferred with Mr. Behling, who purchased the stock some five months later, but Behling was not interested in buying the stock. He endeavored to make a sale of the stock to several lumber companies and to various persons whom he thought might be interested in the purchase of the stock, but all of these efforts were unsuccessful. The record is persuasive that appellant diligently endeavored to find a purchaser for the stock. Ultimately Paul Herman made an investigation of the stock of the goods of the company, and its book accounts and the shares of stock were purchased by him for the amount due on the note. He did not pay for the stock in cash. Appellant was indebted to him for ten of the shares of stock, such

indebtedness having existed since the acquisition of the stock by appellant prior to its sale to appellee. He gave appellant his note for three-fourths of the amount of appellee's note, that being the amount due, for the remaining thirty shares of stock. Such facts do not invalidate the sale. Morris & Whitehead v. East Side R. Co. (C. C. A.) 104 F. 409. The fact that appellant and his son had dealt back and forth with a part of the stock and were associated together in various business ventures naturally subjects the purchase of the stock by the son at private sale to close scrutiny, but does not in itself invalidate the sale to the son. The prohibition against purchasing at the sale of the pledged property is against the pledgee, either in person or by agent. The purchase by the son was valid unless he was his father's agent. 49 C. J. 1006, section 264 et seq. The exclusion of interested parties from an opportunity to purchase the stock, or the sale at less than its reasonable value, would be circumstances tending strongly to show that the sale was not bona fide. The stock was sold to the son only after all persons who might be interested had been given an opportunity to buy. The record contains nothing from which the value of the stock on October 29 can be ascertained. It appears from the record that between the time of the sale of the stock to Paul Herman and its purchase by Behling, in March of 1928, Behling came into the possession of some property through his mother's estate. He then became interested in purchasing the forty shares of stock in question, for he was then the owner of the other outstanding stock of the corporation. Behling and appellant were acquaintances, and the major part of the negotiation for the sale of the stocks was carried on between Behling and appellant, although Paul Herman took part in them. The stated consideration for the purchase was $10,000, but this was not paid in cash; $1,500 was paid in money, the balance of the consideration was represented by Behling's notes, and an interest owned by Behling in a note secured by mortgage on land. This mortgage was not paid when it became due, and ultimately the matter of its collection was disposed of by the holders taking a deed to the land. Behling was a witness upon the trial of the case. He was the only one who was questioned concerning the value of the stock, in the fall of 1927, but he did not testify to its value. He testified that he paid more for the stock than it was worth, on account of the fact that he desired to acquire the outstanding stock of the corporation and also because it involved the Hermans taking

his interest in the mortgage above referred to. The value of the stock in the fall of 1927 cannot be determined from the terms and conditions of its purchase by Behling, in the spring of 1928, because the transaction was in truth a barter, and because Behling then had a peculiar and personal interest in acquiring the stock.

▮ The law imposed a duty on appellant to sell the stock fairly. For a failure to discharge such duty appellant was answerable to appellee. But the law does not create a relationship of trust and confidence between the parties, in such a sense, that upon a mere allegation of a breach of the duty the burden of proof is shifted to appellant to establish his performance of such duty. Atlantic Nat. Bank of Boston v. Korrick, 29 Ariz. 468, 242 P. 1009, 43 A. L. R. 1184. The question of the validity of the sale to Paul Herman must be determined under the facts existing at the time it took place. The facts antedating and attending the sale are entirely consistent with its having been made bona fide and in good faith. The law does not presume fraud. Neither does it presume facts from which it may be inferred that a party has not discharged his duty. Scrutiny cannot take the place of facts. Appellee had the burden to prove facts warranting the conclusion that the sale of the stock to Paul Herman was not made in good faith. Promptly after the sale, the note indorsed "Paid 10, 29 '27. Stock sold for amount of note and interest" was mailed to appellee. Appellee made no complaint concerning the disposition of the stock for the amount due on the note until nearly a year later. With a record showing diligent efforts on the part of appellant to find a buyer for the stock, after notice to appellee, and with no evidence from which we can find that the sale price was unfair, we must hold such sale valid. See Carson v. Iowa City Gas-Light Co., 80 Iowa, 638, 45 N. W. 1068.

▮ Appellant was bound to account for the proceeds of the sale of the stock made under the collateral agreement. He did account to appellee for the proceeds of the sale to Paul Herman. The notation made on the note was in conformity with the facts, and the note so indorsed was returned to appellee. This was a sufficient discharge of such duty. It is appellee's theory that he was entitled to a disclosure of the terms and conditions of the purchase by Behling. This is in no sense true. It was not the sale of the collateral under the agreement. Appellant was obliged to account to him for the proceeds of the sale made under the collateral agree-

ment, and none other, and, when he did this, his duties under the law were fully discharged.

■ II. It is perhaps unnecessary to pursue the inquiry further, in view of the conclusion reached on the appellee's first proposition. It is, however, quite evident that the stipulation of settlement was not obtained by fraud, even though the sale under the collateral agreement was the one to Behling on March 6, 1928. The suit settled was commenced by appellee to recover damage for the sale of the collateral. The law imposed no duties on appellant to protect appellee in relation to his interests in such suit, for the parties were hostile to each other. If it be assumed, for the sake of argument only, that appellant was guilty of fraud in the original transaction, he would not be at liberty to perpetrate a new fraud on appellee to procure a settlement of the suit based on the original fraud. The record is conclusive that no such new fraud was practiced on appellee. It does not disclose a single communication between appellee and appellant between the date of the receipt of the note by appellee, indorsed as hereinbefore set forth, and the date of the settlement. Appellee testified that the only information obtained by him from appellant in relation to the sale was contained in the notation on the note. Appellee was content to make his settlement of the suit upon the basis of the information had by him. He asked appellant for no information, and in turn was given none by appellant. He now complains because appellant did not make voluntary revelation of the sale on March 6 and its terms, prior to the stipulation of settlement. It is clear to us that appellee's position cannot be upheld. If there was fraud in connection with the sale of the collateral, it cannot vitiate a settlement of the suit for damages due to such fraud, under the facts and circumstances of this case. We reach the conclusion that the trial court was in error in setting aside the stipulation of settlement and the dismissal of the suit. It follows that the decree of the trial court must be reversed and the case remanded for the entry of a decree dismissing plaintiff's motion to set aside the stipulation of settlement and dismissal of suit, which motion by stipulation of the parties has been treated as a petition. The motion to strike appellee's amendment to abstract, submitted with the case, is overruled.—Reversed and remanded.

KINDIG, C. J., and EVANS, ALBERT, DONEGAN, and STEVENS, JJ., concur.